UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


ALEXIS YOUNGBERG,

       Plaintiff,

                                   File No.  1:10-CV-916

v.

                                   HON. ROBERT HOLMES BELL

MICHAEL McKEOUGH, NINA McKEOUGH,
JACK McKEOUGH, the ESTATE OF ROBERT
JACK JEROVSEK, and JACK L. JEROVSEK,
as personal representative of the ESTATE OF
ROBERT JACK JEROVSEK,

       Defendants,

and

JACK L. JEROVSEK, as personal representative
of THE ESTATE OF ROBERT JACK JEROVSEK,

       Cross-Plaintiff,

v.

MICHAEL McKEOUGH, NINA McKEOUGH,
and JACK McKEOUGH,

       Cross-Defendants,

and

JACK L. JEROVSEK, as personal representative
of THE ESTATE OF ROBERT JACK JEROVSEK,

       Counter-Plaintiff,

v.

ALEXIS YOUNGBERG,

       Counter-Defendant,

and

JACK L. JEROVSEK, as personal representative
of THE ESTATE OF ROBERT JACK JEROVSEK,

       Third-Party Plaintiff,
v.

MARK YOUNGBERG,

       Third-Party Defendant.

_____/

## **O P I N I O N**

    This action  is before the Court on Counter-Defendant Alexis Youngberg and Third-Party Defendant Mark Youngberg's motion in limine.  (Dkt. No.  112.)  For the reasons that follow, the Youngbergs' motion will be denied.

    This maritime personal injury and wrongful death action arises out of a watercraft collision on navigable waters.  Counter-Defendant Alexis Youngberg and Third-Party Defendant Mark Youngberg (the "Youngbergs") contend that Counter-Plaintiff and Third-Party-Plaintiff Estate of Robby Jerovsek ("Jerovsek") should be precluded from recovering damages for loss of society and companionship under the Michigan Wrongful Death Act[1] because such damages are not consistent with federal maritime law.

    In *Yamaha Motor Corp., U.S.A. v. Calhoun*, 516 U.S. 199 (1996), parents sought damages for the death of their twelve-year-old daughter in a recreational jet ski accident in

---

[1]Michigan's Wrongful Death Act explicitly allows damages for "the loss of the society and companionship of the deceased."  Mich. Comp. Laws  § 600.2922(6).

2

territorial waters off Puerto Rico.  The Supreme Court was called upon to determine whether the damages available in "maritime wrongful-death cases in which no federal statute specifies the appropriate relief and the decedent was not a seaman, longshore worker, or person otherwise engaged in a maritime trade," *id.* at 202, were governed by state law, or whether state remedies had been displaced by the federal maritime wrongful-death action recognized in *Moragne v. States Marine Lines, Inc.*, 398 U.S. 375 (1970).  *Yamaha*, 516 U.S. at 202.  The Supreme Court concluded that when a nonseafarer dies in the territorial waters of a state, the damages are "properly governed by state law."  *Id.* at 216.

In light of *Yamaha*, the Eleventh Circuit held in *American Dredging Co. v. Lambert*, 81 F.3d 127 (1996), that personal representatives may recover non-pecuniary damages in wrongful death actions involving non-seamen killed in territorial waters.  *Id.* at 130-31.  *See also Donais v. Green Turtle Bay, Inc.*, 5:10-CV-167-TBR, 2012 WL 399160 (W.D. Ky. Feb. 7, 2012) ("Mr. Donais was a non-seaman killed on Kentucky's territorial waters and a state cause of action for wrongful death is available to his estate.")

This action, like *Yamaha*, involves the death of a nonseafarer in the territorial waters of a state.  These similarities suggest that the damages in this case should similarly be governed by state law.  The Youngbergs nevertheless contend that *Yamaha* should not be read to allow loss of society damages for non-dependents because such damages are inconsistent with maritime law, and *Yamaha* repeatedly emphasized the importance of uniformity in maritime law.  (Dkt. No. 113, Youngbergs' Br. 3, 5.)

The Youngbergs' attempt to distinguish *Yamaha* is not persuasive. *Yamaha* clearly held that state law governs wrongful death actions for non-seafarers in territorial waters. *Yamaha* did not suggest that the available state law remedies should be limited to only certain kinds of damages. Moreover, the Supreme Court expressly noted that the expressed need for uniformity in federal maritime law related to the availability of unseaworthiness as a basis of liability and did not revolve around either the amount of a state monetary award in a maritime wrongful-death case, or with variations in the remedies afforded by the various States. *Id.* at 211. The concerns addressed in *Moragne* "centered on the extension of relief, not on the contraction of remedies." *Id*. at 213. Thus, concerns regarding uniformity of maritime law do not provide a basis for disallowing loss of society damages for non-dependents if such remedies are available under state law.

The Youngbergs cite a number of post-*Yamaha* cases which, they contend, agree with the pre-*Yamaha* rulings that a non-dependent cannot recover for loss of society. The cases cited by the Youngbergs are inapposite either because the relevant state statute did not provide for loss of society damages, because they involved seafarers, or because they did not involve wrongful death actions. For example, in *Tucker v. Fearn*, 333 F.3d 1216 (11th Cir. 2003), the court disallowed loss of society damages not because they were inconsistent with federal law, but because they were not available under the wrongful-death statute of the state of Alabama. *Id*. at 1224-25. "*Yamaha* would assist Tucker's separate state law claims only if Alabama's wrongful death statute permitted the recovery of loss of society damages. However, such recovery is not provided for by that statute either." *Id.*

4

In *In re Goose Creek Trawlers, Inc.,* 972 F. Supp. 946 (E.D. N.C. 1997), the court held that *Yamaha*'s narrow exception for nonseafarers did not apply because the deceased was a "person otherwise engaged in a maritime trade"); *see also In re Maryland Marine*, 641 F. Supp. 2d 579 (E.D. La. 2009)  (holding that loss of society damages were not recoverable under federal statutes or general maritime law, and the parties agreed that the state wrongful death statute did not apply); *Radut v. State St. Bank & Trust Co.*, No. 03 Civ. 7663, 2004 WL 2480467, at *6 (S.D. N.Y. Nov. 4, 2004) (denying claim for non-pecuniary damages because the deceased was a seaman); *In re Complaint of Stone*, No. 02-2969,  2003 WL 21730621, at *4 (E.D. La. 2003) (holding that the plain defining language in *Yamaha* prevented self-employed crabbers from benefitting under the narrow exception for non-seafarers); *Friedman v. Cunard Line Ltd.*, No. 95 Civ 5232, 996 F. Supp. 303 (S.D. N.Y. 1998) (not a wrongful-death case).

Robby Jerovsek was a non-seaman killed on Michigan's territorial waters. Accordingly, under *Yamaha*, a state cause of action for wrongful death is available to his estate.  The Youngbergs' motion for an order precluding the Estate of Robby Jerovsek from recovering any loss of society and companionship damages under the Michigan Wrongful Death Act will accordingly be denied.

An order consistent with this opinion will be entered.


Dated: <u>May 14, 2012</u>                    <u>/s/ Robert Holmes Bell                    </u>
                                              ROBERT HOLMES BELL
                                              UNITED STATES DISTRICT JUDGE