UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ALEXIS YOUNGBERG,

    Plaintiff,

v.

MICHAEL McKEOUGH, NINA McKEOUGH,
JACK McKEOUGH, the ESTATE OF ROBERT
JACK JEROVSEK, and JACK L. JEROVSEK,
as personal representative of the ESTATE OF
ROBERT JACK JEROVSEK,

    Defendants,

and

JACK L. JEROVSEK, as personal representative
of THE ESTATE OF ROBERT JACK JEROVSEK,

    Cross-Plaintiff,

v.

MICHAEL McKEOUGH, NINA McKEOUGH,
and JACK McKEOUGH,

    Cross-Defendants,

and

JACK L. JEROVSEK, as personal representative
of THE ESTATE OF ROBERT JACK JEROVSEK,

    Counter-Plaintiff,

v.

ALEXIS YOUNGBERG,

    Counter-Defendant,

File No. 1:10-CV-916

HON. ROBERT HOLMES BELL

and

JACK L. JEROVSEK, as personal representative
of THE ESTATE OF ROBERT JACK JEROVSEK,

       Third-Party Plaintiff,

v.

MARK YOUNGBERG,

       Third-Party Defendant.
_____/

## **O P I N I O N**

This matter is before the Court on Plaintiff Alexis Youngberg's motion to file a third amended complaint. (Dkt. No. 115.) For the reasons that follow, the motion will be granted in part and denied in part.

Plaintiff requests leave to amend her complaint so that references to the Inland Navigational Rules include citations not only to the current regulations, but also to the statute where the rules were codified at the time of the accident. Plaintiff asserts that because the regulations are word-for-word identical to the statutes, her proposed amendments to paragraphs 24(h) and 63(c) do not result in any substantive change to her allegations. Plaintiff additionally requests leave to include specific references to Rule 2 of the Inland Rules, which, she asserts, does not change her complaint in any substantive way.

Defendants Jack L. Jerovsek, Personal Representative of the Estate of Robert Jack Jerovsek, and the Estate of Robert Jack Jerovsek oppose Plaintiff's motion. They note that the motion to amend was filed after the deadline for amendments, and without requesting

2

modification of the case management order. They contend that they would be severely prejudiced by an amendment at this late date because the discovery and dispositive motion deadlines have passed, and Plaintiff's proposed Third Amended Complaint adds new claims and continues to assert claims which have already been dismissed or abandoned.

Courts should freely give leave to amend when justice so requires. Fed. R. Civ. P. 15(a)(2). However, a party who files a motion after the expiration of the deadline set forth in the case management order must also show good cause for modifying the scheduling order. Fed. R. Civ. P. 16(b)(4). *See Leary v. Daeschner*, 349 F.3d 888, 909 (6th Cir. 2003) ("Once the scheduling order's deadline passes, a plaintiff first must show good cause under Rule 16(b) for failure earlier to seek leave to amend before a court will consider whether amendment is proper under Rule 15(a).").

The language of the regulations and the statute are identical. Correcting the citations to the Inland Navigational Rules is a technical correction that does not make any substantive changes to the complaint or to the parties' understanding of Plaintiff's intended allegations. Correcting the citations will not cause Defendants any prejudice. Although Plaintiff has not articulated a reason for her delay in seeking leave to amend, the Court finds that there is good cause for modifying the case management order to allow a late amendment for the sole purpose of providing accurate citations to the applicable rules. Correcting the citations to the Inland Navigational Rules will insure that the citations correspond to the location of those Rules at the time of the accident.

However, Plaintiff's proposed third amended complaint does more than simply correct citations. Plaintiff's proposed third amended complaint also adds a new reference to Rule 2 that was not in her second amended complaint. Contrary to Plaintiff's assertions, the reference to Rule 2 does change Plaintiff's complaint in a substantive way. Rule 2 contains affirmative duties that were not part of the second amended complaint. The Court will not permit Plaintiff to add a new claim at this late date.

Plaintiff's proposed third amended complaint also continues to reference Rule 17 in ¶ 63(c), despite the fact that this Court previously granted the Jerovsek Defendants' motion for summary judgment on Plaintiff's claim under Rule 17. (Dkt. No. 104, 02/21/12 Order.) The reference to Rule 17 in ¶ 63(a) must be omitted from Plaintiff's third amended complaint so that it does not appear that this claim is being resurrected.

The Jerovsek Defendants also contend that Plaintiff should not be permitted to include a negligence claim based on "turning or changing directions in front of the Mastercraft," or failing to maintain course in ¶ 63 of the proposed third amended complaint because Plaintiff withdrew this claim at oral argument.

This Court noted in its February 21, 2012, opinion that Plaintiff had withdrawn her argument that Robby turned or changed directions in front of the Mastercraft. (Dkt. No. 103, Op. 8, n.4.) At the December 2, 2011, hearing on Plaintiff's motion for summary judgment, counsel for Plaintiff advised that although Plaintiff had alleged in her complaint that Robby turned in front of the Mastercraft, discovery revealed that it did not happen as they originally thought, so the issue of the Sea-Doo turning in front of the Mastercraft is a red herring and

4

is "really not a part of the case anymore unless some additional evidence is developed." (Dkt. No. 120, Tr. 7-8, 11.)  "Statements of an attorney that are directly related to the litigation at hand have been held to be within the attorney's scope of authority and binding on the client." *United States v. Johnson*, 752 F.2d 206, 210-11 (6th Cir. 1985). *See also Berlin v. The Celotex Corp.*, No. 89-6016, 1990 WL 125360, at *2-3 (6th Cir. Aug. 29, 1990) (unpublished) (holding that counsel's remarks constituted a judicial admission, thus removing an issue from dispute, and relieving the opposing party from the responsibility of proving the issue at trial).  Because Plaintiff has withdrawn the claim that Robby changed directions, and because Plaintiff has not asserted that any additional evidence was developed before the close of discovery that would justify resurrection of this claim, the references in ¶ 63 to "negligently turning or changing directions in front of the Mastercraft" and "failing to maintain course" must be omitted from Plaintiff's third amended complaint so that it does not appear that this claim is being resurrected.

For the reasons stated herein, Plaintiff's motion to file a third amended complaint (Dkt. No. 115) will be granted in part and denied in part.  The motion will be granted for the sole purpose of providing accurate citations to the applicable Inland Navigational Rules.  To the extent Plaintiff seeks to add a new reference to Rule 2, and to continue to assert that Robert Jack Jerovsek violated Rule 17 and turned in front of the Mastercraft, the motion is denied.

An order consistent with this opinion will be entered.

Dated: May 30, 2012  /s/ Robert Holmes Bell
ROBERT HOLMES BELL
UNITED STATES DISTRICT JUDGE