UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ALEXIS YOUNGBERG,

        Plaintiff,

v.

MICHAEL McKEOUGH, et al.,

        Defendants.
                                /

File No.  1:10-CV-916

HON. ROBERT HOLMES BELL

## **O P I N I O N**

At the conclusion of the trial of this personal injury action, the jury entered a verdict of $4.6 million in favor of Plaintiff Alexis Youngberg and against Defendants Jack McKeough and Michael McKeough, and a verdict of no cause of action as to Plaintiff's claims against Defendants the Estate of Robert Jack Jerovsek and Jack L. Jerovsek, Personal Representative of the Estate of Robert Jack Jerovsek (collectively the "Jerovsek Estate"). This matter is currently before the Court on Plaintiff Youngberg's motions to disallow Defendant Jerovsek Estate's and Defendant Nina McKeough's bills of costs. (Dkt. Nos. 201, 203.)

### **I. Jerovsek**

The Jerovsek Estate filed a Bill of Costs in the total amount of $15,180.30. (Dkt. No. 192.)

**A. Prevailing Party**

As an initial matter, Plaintiff requests the Court to disallow the Jerovsek Estate's bill of costs in its entirety. Plaintiff does not deny that the Jerovsek Estate was the prevailing party on Plaintiff's complaint. However, Plaintiff contends that the Jerovsek Estate was not a prevailing party on its counterclaim because the Jerovsek Estate voluntarily dismissed its claims against Alexis Youngberg and Mark Youngberg. (Dkt. No. 197.)

"Unless a federal statute, these rules, or a court order provides otherwise, costs – other than attorney's fees – should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). Rule 54(d)(1) "creates a presumption in favor of awarding costs, but allows denial of costs at the discretion of the trial court." *Knology, Inc. v. Insight Commc'ns, L.P.*, 460 F.3d 722, 726 (6th Cir. 2006) (quoting *Singleton v. Smith*, 241 F.3d 534, 539 (6th Cir. 2001)). Costs may be denied "where, although a litigant was the successful party, it would be inequitable under all the circumstances in the case to put the burden of costs upon the losing party." *White & White, Inc. v. Am. Hosp. Supply Corp.*, 786 F.2d 728, 730 (6th Cir. 1986) (emphasis omitted). The losing party bears the burden "to show circumstances sufficient to overcome the presumption favoring an award of costs to the prevailing party." *Id.* at 732.

Plaintiff contends that the Jerovsek Estate was not a prevailing party because its counterclaim against Plaintiff was dismissed with prejudice midway through trial. In support of this contention, Plaintiff directs the court to cases which have denied costs to a defendant

2

that prevailed on the claims in the complaint, but failed to prevail on its counterclaim. *See*, *e.g.*, *Srybnik v. Epstein*, 230 F.2d 683, 686 (2d Cir. 1956) (" In a case such as this where the defendant counter-claims for affirmative relief and neither party prevails on its claim, it is quite appropriate to deny costs to both parties."); *Wheatley v. Moe's Sw. Grill*, 580 F. Supp. 2d 1319, 1321 (N.D. Ga. 2008) (citing cases).

Plaintiff's reliance on this line of cases is misplaced because none of the cases involved dismissals of the counterclaim as a result of a settlement. In the case before this Court, prior to trial, the Jerovsek Estate agreed to a tentative settlement of its claims against Alexis and Mark Youngberg for $175,000. (Dkt. No. 154.) On June 20, 2012, the Court entered an order approving the settlement (Dkt. No. 178), and on July 30, 2012, the Court dismissed the Jerovsek Estate's claims against the Youngbergs. (Dkt. No. 197.) "[A] party is the prevailing party where (1) it receives 'at least some relief on the merits of [its] claim,' and (2) there is a 'judicially sanctioned change in the legal relationship of the parties.'" *Maker's Mark Distillery, Inc. v. Diageo N. Am., Inc.*, 679 F.3d 410, 425 (6th Cir. 2012) (quoting *Buckhannon Bd. and Care Home v. W. Va. Dep't of Health and Human Res.*, 532 U.S. 598, at 603, 605 (2001)). Because the Jerovsek Estate recovered a total of $175,000 from Alexis and her father, under a settlement agreement sanctioned by the Court, the Jerovsek Estate was the prevailing party on its counterclaim against Alexis Youngberg. Because the Jerovsek Estate prevailed on both the complaint, and on its counterclaim, Plaintiff has not overcome the presumption favoring an award of costs to the Jerovsek Estate.

**B. Specific Costs**

Alternatively, Plaintiff requests the Court to disallow portions of the Jerovsek Estate's bill of costs.

The expenses that may be taxed as costs under Rule 54(d) are enumerated in 28 U.S.C. § 1920. *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 437 (1987). In reviewing a request for taxation of costs, a court must look "first to whether the expenses are allowable cost items and then to whether the amounts are reasonable and necessary." *Jefferson v. Jefferson Cnty Pub. Sch. Sys.*, 360 F.3d 583, 591 (6th Cir. 2004). The prevailing party has the burden of establishing that the expenses it seeks to have taxed as costs "are authorized by applicable federal law, including proof of necessity and reasonableness under 28 U.S.C. § 1920." *Berryman v. Hofbauer*, 161 F.R.D. 341, 344 (E.D. Mich. 1995).

a. <u>Deposition Transcripts</u>

The Jervosek Estate's bill of costs includes $8,615.14 for court reporter fees for deposition transcripts. Plaintiff contends that deposition and transcript fees for depositions not actually read or used for impeachment at the trial should not be taxed as costs.

Allowable costs include "[f]ees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case." 28 U.S.C. § 1920(2). "Ordinarily, the costs of taking and transcribing depositions reasonably necessary for the litigation are allowed to the prevailing party." *Sales v. Marshall*, 873 F.2d 115, 120 (6th Cir. 1989). "Necessity is determined as of the time of taking, and the fact that a deposition is not

actually used at trial is not controlling." *Id*. *Accord Sutter v. Gen. Motors Corp.*, Nos. 02-3571, 03-3118, 2004 WL 1303231, at *3 (6th Cir. June 9, 2004). However, "[i]t is generally agreed that '[d]epositions that are merely investigative, preparatory, or useful for discovery are not taxable as costs.'" *Whirlpool Corp. v. LG Elec., Inc.*, No. 1:04-CV-100, 2007 WL 2462659, at *5 (W.D. Mich. Aug. 26, 2007) (Bell, C.J.) (quoting *Baker v. First Tenn. Bank Nat'l Ass'n*, No. 96-6740, 1998 WL 136560, at *5 (6th Cir. Mar. 19, 1998)). *See also* 10 Charles Alan Wright, Arthur Miller, & Mary Kay Kane, *Federal Practice & Procedure* § 2676 (3d ed.) ("The cost of depositions that simply are investigative or preparatory in character, rather than for the presentation of the case, typically are not taxable."). There is no hard and fast rule for determining which depositions are reasonably necessary, but some factors that bear on the necessity determination include whether the deponent was a party or a witness to disputed events, or whether the depositions were used by any of the parties in connection with a summary judgment motion. *Johnson v. City of Battle Creek*, No. 4:04-CV-38, 2005 WL 1427716, *1 (W.D. Mich. June 16, 2005) (Scoville, M.J.).

The Court considers the challenged deposition transcripts with these considerations in mind. Kaitlin Van Dam, and Plaintiff Alexis Youngberg, passengers on the Sea-Doo, were witnesses to the accident. The Hulings were two of the three adult eye-witnesses to the accident. The Ottawa County sheriff and deputies investigated the cause of the accident and authenticated exhibits used in summary judgment motions. Because of the importance of the

5

testimony of these witnesses to the Jerovsek Estate's case, and because their testimony was also cited in response to Plaintiff's motion for summary judgment (Dkt. No. 79) their deposition transcripts were reasonably necessary at the time they were taken.

Because of the importance of the Hulings' testimony to the Jerovsek Estate's defense, it was reasonably necessary to preserve their testimony on videotape even though they testified live at trial. *See BDT Prods., Inc. v. Lexmark Intern., Inc.*, 405 F.3d 415, 420 (6th Cir. 2005), *abrogated on other grounds by Taniguchi v. Kan Pacific Saipan, Ltd.*, 132 S. Ct. 1997, 2007 (2012) (affirming taxation of the costs of videotape depositions); *Whirlpool*, 2007 WL 2462659, at *5 (taxing costs of videotaped depositions of witnesses who did not testify because videotaping was reasonably necessary to capture the non-verbal testimony of the witnesses). It was also proper to tax the costs of the conference room rental for the depositions of the Ottawa County Sheriff's Department personnel. *See True N. Energy, LLC v. Chi. Title Ins. Co.*, No. 3:10-CV-1100, 2011 WL 5362063, at *4 (N.D. Ohio Oct. 27, 2011) (noting that room rental fees are normal expenses associated with depositions and are thus taxable as costs).

Robby's parents, Jack and Susan Jerovsek, were not witnesses to the accident, and because they were the Jerovsek Estate's own witnesses, their deposition transcripts were not reasonably necessary for purposes of impeachment. Although these depositions might be characterized as investigative or preparatory, the Court concludes that because Robby was not available to testify, his parents' testimony was reasonably necessary to his defense.

Derrick Fries is an expert retained by Plaintiff, and David Rotter is Plaintiff's prosthetist. It was reasonable for the Jerovsek Estate to obtain transcripts of these witnesses' depositions in preparation for effective cross-examination at trial.

b. Expert Witness Fees

Allowable costs include "[f]ees for . . . witnesses." 28 U.S.C. § 1920(3). "The witness fee specified in § 1920(3) is defined in 28 U.S.C. § 1821." *Crawford*, 482 U.S. at 440. Pursuant to 28 U.S.C. § 1821, a witness is entitled to (1) an attendance fee at trial of $40 per day, (2) travel expenses, and (3) a subsistence allowance. 28 U.S.C. § 1821(b)-(d).

Although Plaintiff initially challenged the Jerovsek Estate's taxation of costs for meals and incidental expenses for Defendant's expert witnesses, Plaintiff has conceded that if costs are awarded, the costs of meals can be taxed.

For the reasons stated, the Court will deny Plaintiff's motion to disallow Defendant Jerovsek Estate's bill of costs.

## II. Nina McKeough

Defendant Nina McKeough filed a Bill of Costs in the total amount of $4,947.69. (Dkt. No. 194.) Plaintiff requests the Court to disallow Defendant Nina McKeough's bill of costs in its entirety. Defendant Nina McKeough has not filed a response to Plaintiff's motion.

At the close of Plaintiff's proofs, the Court granted Defendants Nina and Jack McKeough's motion for judgment as a matter of law on Plaintiff's negligent entrustment and

7

negligent supervision claims. At the conclusion of the trial, the jury entered a verdict of $4.6 million in favor of Plaintiff on her negligence claim against Defendant Jack McKeough for negligent operation of the MasterCraft, and on her strict liability claim against Defendant Michael McKeough as owner of the MasterCraft.

Michael and Nina McKeough are the parents of Jack McKeough. Michael, Nina, and Jack were all represented by the same attorney. The costs now sought by Defendant Nina McKeough were incurred to defend all three McKeoughs. Although Nina McKeough was a prevailing party, the Court concludes that it would be inequitable under the circumstances of this case to transfer the burden of Nina McKeough's costs onto Plaintiff. *See White & White*, 786 F.2d at 730. Accordingly, the Court will grant Plaintiff's motion to disallow Defendant Nina McKeough's bill of costs.

An order consistent with this opinion will be entered.


Dated: December 12, 2012              /s/ Robert Holmes Bell
                                      ROBERT HOLMES BELL
                                      UNITED STATES DISTRICT JUDGE